<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  :<br>                                                         :<br>                                       Plaintiff,  :<br>                                                         :<br>                     v.                             :<br>                                                         :<br>                                                         :<br>$22,953 IN UNITED STATES            :<br>CURRENCY, *Defendant in rem,*      :<br>                                                         :<br>                                      Defendant.  :<br>                                                         :<br>                                                         : | **Civil Action No. 14-cv-3634 (SRC)**<br><br>**OPINION** |

**<u>CHESLER</u>**, District Judge

This matter comes before the Court on the motion filed by Plaintiff United States of America ("the Government") to Strike the Answer of William Ladd-Banda ("Mr. Banda") and for Default Judgment. Mr. Banda opposes the motions through counsel. The Court has considered the parties' submissions. For the reasons that follow, the Court will strike Mr. Banda's Answer and enter default judgment in favor of the Government.

This is an action for civil forfeiture. In August of 2013, federal and local authorities seized $22,953 in U.S. Currency ("Defendant currency") from Mr. Banda in Union, New Jersey. On June 6, 2014, the Government filed a Verified Complaint for Forfeiture <u>in</u> <u>rem</u> against Defendant currency. The Government soon filed a Notice of Forfeiture, which it served on Mr. Banda's legal counsel, Brent DiMarco. The Notice of Forfeiture noted that "any person who asserts an interest in the defendant property **must** file a verified claim within **35 days**." (Docket

1

Entry 4) (emphases in original).  The Notice also provided as follows:

> Pursuant to Supplemental Rule G(5)(a), the claim must (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; and (C) be signed by the claimant under penalty of perjury . . . .  If you filed a verified claim, you must then file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days after filing the verified claim.

On June 18, 2014, Mr. DiMarco filed an Answer on Mr. Banda's behalf.  It is signed only by Mr. DiMarco, and not by Mr. Banda.  Mr. DiMarco has relayed to the Government and the Court that his office is unable to reach Mr. Banda.

The Government now moves to strike that Answer.  It argues that the filing fails to conform to the requirements governing claims in asset-forfeiture actions, and that accordingly, Mr. Banda lacks standing to challenge the forfeiture.  In response, Mr. Banda's counsel requests additional time to conform to the requirements, and requests this Court to apply the rules loosely.

In a civil forfeiture action, someone seeking to assert a claim over the property must first intervene, which requires standing.  United States v. $8,221,877.16, 330 F.3d 141, 150, n.9 (3d Cir. 2003) ("A forfeiture claimant must meet both Article III and statutory standing requirements before it may stand before a court to contest a forfeiture.").  If a party lacks standing, the Court must strike their claim to the property.  Id.

To establish standing, a claim must "(i) identify the specific property being claimed; (ii) state the claimant's interest in such property; and (iii) be made under oath, subject to penalty of perjury."  18 U.S.C. § 983(a)(2)(C).  The claimant must further comply with the Supplemental Rules for Admiralty or Maritime Claims ("the Supplemental Rules").  United States v. $102,535.00, 499 F. App'x 134, 136 (3d Cir. 2012).  The Supplemental Rules make clear that a claim must "be signed by the claimant under penalty of perjury[.]"  Supp. R. G(5).  Those rules

2

further provide that "the government may move to strike a claim or answer" for failing to adhere to those requirements.  Supp. R. G(8)(c)(i)(A).

Here, the Answer filed is not a verified claim.  See United States v. Assorted Jewelry Valued at $13,430.00, 2013 WL 775542, at *2 (D.N.J. Feb. 28, 2013) ("[Would-be claimant] has not filed a verified claim pursuant to Rule G(5), and his Answer cannot qualify as such[.]"); United States v. $140,000.00, 2010 WL 1704966, at *3 (D.N.J. Apr. 26, 2010) ("The Answer itself does not constitute a verified claim[.]").  The Answer filed, moreover, does not conform to the statutory requirements or Rule G(5).  It is not "signed by the claimant [Mr. Banda] under penalty of perjury."  Supp. R. G(5)(a)(i)(C).  Mr. DiMarco's signature does not suffice, as he is not "the claimant."  See United States v. One Men's Rolex Pearl Master Watch, 357 F. App'x 624, 628 (6th Cir. 2009) ("[Claimant], however, has not cited any case law, nor have we found any, that suggests that a claimant's attorney's signature suffices. To the contrary, the case law has specifically noted whether the claimant signed a sworn statement.") (emphasis in original).

Counsel for Mr. Banda asks this Court to apply the rules loosely.  Counsel has not, however, provided any case law which counters the Government's cited authority, all of which support a strict application of these standing requirements.  In short, the Court cannot overlook a violation of the statutory standing requirements.  See, e.g., $140,000.00, 2010 WL 1704966, at *3 (striking would-be claimant's Answer for failing to conform to Supp. Rule G(5)).  Because Mr. Banda lacks standing to intervene, the Court will strike his Answer, and will accordingly grant summary judgment for the Government.

Dated:  December 9, 2014

       s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge